IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HENRY REYES CHAVEZ,

        Plaintiff,

v.                                    Case No. 1:17-cv-00534 WJ-SCY

BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS

THIS MATTER is before the Court on Defendants Bernalillo County Metropolitan Detention Center, the Board of County Commissioners of Bernalillo County, Donald Vigil, Jessie Lara, Clinton Christison, and Tina Goebler's Partial Motion to Dismiss and Memorandum in Support, filed on May 24, 2017 (**Doc. 7**). Having reviewed the relevant pleadings and the applicable law, the Court finds Defendants' Motion is well-taken, and is therefore **GRANTED.**

### BACKGROUND

Plaintiff Henry Reyes Chavez claims he was attacked by another inmate on January 19, 2014 while incarcerated in the Bernalillo County Metropolitan Detention Center. Plaintiff claims Defendants used excessive force in their attempts to break up the fight and they used unreasonable or unnecessary force following the incident and during decontamination from the use of pepper spray. Plaintiff, proceeding *pro se*, filed a complaint alleging violations of the Constitution under 42 U.S.C. § 1983 and tort claims under the New Mexico Tort Claims Act. Plaintiff claims he was subject to excessive force and/or that Defendants failed to protect him from another inmate at the Bernalillo County Detention Center on January 19, 2014. Plaintiff filed the lawsuit on February 24, 2017.

## DISCUSSION

Defendants argue Plaintiff's state law claims are barred by the statute of limitations. Defendants point out that Plaintiff filed the lawsuit on February 24, 2017, more than three years from the date of the incident. Section 41–4–15(A) of the New Mexico Tort Claims Act provides that "[a]ctions against a governmental entity or a public employee for torts shall be forever barred, unless such action is commenced within two years after the date of occurrence resulting in loss, injury or death…" NMSA 1978, § 41–4–15(A). Defendants also point out that Plaintiff has already attempted to pursue this matter in state district court. *See e.g. Henry Reyes Chavez v. Bernalillo County Metropolitan Detention Center et al.* No. D-307-CV-2016-00146. Plaintiff's previous complaint was dismissed without prejudice for improper venue on November 7, 2016. Yet, that complaint was filed on January 27, 2016, more than two years after the date of the original incident. Therefore, even Plaintiff's prior lawsuit was barred by the statute of limitations applicable to claims under State law.

In response, Plaintiff focuses primarily on the timeliness of his prior complaint filed in the Third Judicial District Court.[1] He asserts that for reasons beyond his control, his state complaint was not filed until January 27, 2016, although he mailed it to the court on January 14, 2016. He states that he eventually believed that case was dismissed. Plaintiff attempted to file another complaint in the proper venue (Second Judicial District Court) but, again, for reasons beyond his control the complaint was lost or misplaced. Then, on February 24, 2017, Plaintiff hand-delivered the instant complaint to Second Judicial District Court for filing, and the case was subsequently removed to federal court. Plaintiff argues these circumstances show his case is not time-barred.

---

[1] Plaintiff filed a "Declaration" on July 20, 2017, which Defendants and the Court interpreted as a Response to the Partial Motion to Dismiss. *See* Docs. 20 and 27.

The Court is mindful of its duty to construe *pro se* pleadings liberally. *See Ford v. Pryor*, 552 F.3d 1174, 1178 (10th Cir. 2008) ("Because [plaintiff] is proceeding pro se, we construe his pleadings liberally, but we do not act as his advocate."); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994) (finding that a litigant's *pro se* status does not excuse the obligation to comply with the fundamental requirements of the Federal Rules of Civil Procedure). However, Plaintiff has simply failed to bring his claims under the New Mexico Tort Claims Act within the required two-year timeframe, so those claims must be dismissed. *See* NMSA 1978, § 41–4–15(A).

The New Mexico Tort Claims Act requires that "[a]ctions against a governmental entity or a public employee for torts shall be forever barred, unless such action is *commenced* within two years after the date of occurrence resulting in loss, injury or death…" NMSA 1978, § 41–4–15(A) (emphasis added). In New Mexico, "[a] civil action is commenced by filing a complaint with the court." NMRA, Rule 1-003. Therefore, even if Plaintiff mailed his first complaint to the Third Judicial District Court prior to the expiration of the limitations period, his first suit was not *commenced* within the time period proscribed by the New Mexico Tort Claims Act. Likewise, his second complaint was not filed until February 24, 2017. Plaintiff's alleged injuries took place on January 19, 2014. To be timely under the New Mexico Tort Claims Act, his complaint must have been filed on or before January 19, 2016. It was not. Therefore, Plaintiff's claims under the New Mexico Tort Claims Act must be dismissed.

The Court further agrees with Defendants that to the extent Plaintiff is arguing for application of a "prisoner mailbox rule" there is no such rule for claims under state law. *See Adams v. LeMaster*, 223 F.3d 1177, 1183 (10th Cir. 2000) ("We hold the New Mexico Supreme Court would side with those state courts relying on the plain meaning of their respective state

procedural rules to reject the prison mailbox rule."). Under the "prisoner mailbox rule," a prisoner's *habeas* petition is deemed filed on the day the prisoner hands it over to prison authorities for mailing to the court. *See id.* at 1180. The Court cannot locate any authority that requires the Court to deem a complaint filed on the day a prisoner leaves it with prison staff in order to be mailed.

Finally, the Court concludes that equitable tolling will not save Plaintiff's state tort claims. In *Ocana v. Am. Furniture Co.*, 2004–NMSC–018, ¶ 15, 135 N.M. 539, 91 P.3d 58, the New Mexico Supreme Court recognized that "[e]quitable tolling typically applies in cases where a litigant was prevented from filing suit because of an extraordinary event beyond his or her control." *Ocana*, 2004–NMSC–018, ¶ 15. Under New Mexico law, the doctrine of equitable tolling is quite limited. *Casanova v. Cent. N.M. Corr. Dep't*, 502 F. App'x 774, 776 (10th Cir. 2012) (unpublished). Plaintiff has not identified any facts showing he was prevented from filing suit because of "extraordinary" events beyond his control.

Regardless of whether Plaintiff's original action was timely filed in the Third Judicial District Court (and the facts show it was not), Plaintiff's complaint in this lawsuit is untimely under the New Mexico Tort Claims Act. Therefore, Defendants' Partial Motion to Dismiss (**Doc. 7**) is **GRANTED**. Plaintiff's claims under the New Mexico Tort Claims Act, as asserted in Counts IV, V, and VI, are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE